UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.  1:23-cr-00072-LEW |
| ) | |
| ALAN HOWELL PARROT ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

NOW COMES Defendant, by and through undersigned counsel, and hereby submits the following memorandum in aid of sentencing of Defendant Alan Parrot.

### Introduction

Defendant Alan Parrot ("Alan") was convicted on November 28, 2023 after trial of Assault on a Federal Official.

Alan has zero criminal record, a significant medical history, and is 69 years old. When he had physical contact with the FBI agent on June 22, 2023, he did not understand that a search warrant was being executed and believed that he had the right to keep federal agents off his property.

Thankfully, the injury to the FBI agent was minimal.  Alan ultimately submitted to arrest, stood firm on his position that he was allowed to repel the FBI agents from entering his home, but was ultimately convicted.

Alan should be sentenced to a period of probation.  Here is why.

### Offense Conduct

1

As laid out in detail in the Presentence Report, FBI agents arrived at Alan's home on June 22, 2023. The agents had a search warrant in hand, but all of the agents acknowledged at trial that they did not in fact ever tell Alan that they had a search warrant. There was some initial discussion with Alan on one side of the home, but the discussion then moved to the other side of the home.

An agent indicated to Alan, in no uncertain terms, that they were not there to serve him with any "legal paperwork," and Alan decided to shut the sliding door as he did not want to have any further conversation. At this time, agents pushed their way into Alan's home, Alan had physical contact with one of them, and a scuffle ensued. Alan was quickly placed under arrest.

While Alan firmly believed that he had the right under these circumstances to keep the FBI agents from coming into his home, especially given his lack of knowledge that there was in fact a search warrant, the court ruled otherwise. Alan testified had he known there was a search warrant he would have allowed the agents to enter, but he did not know at the time that there was a search warrant, assumed that the FBI agents were coming into his home without the authority to do so, and acted accordingly. This factual scenario is unique to say the least and should allow this Court to consider a period of probation alone to address Alan's conduct, especially given all of the other many mitigating factors. Alan will stand convicted of a felony crime as a result of this conduct, and that in and of itself is a very severe punishment, especially given the facts and circumstances of the event in question.

## **Alan's Background**

Alan is now 69 years old. He was raised in the Bangor area and lives on family property in Hancock, Maine. Alan is fond of animals and has 9 adult goats, 13 goat kids, a hawk, and a cat. Growing up, Alan was particularly interested in falconry and as noted in the Presentence Report, he studied and trained falcons in the United States and around the world.

Alan certainly looks different than many people living in Hancock County. Alan is a Sikh. He is deeply religious in this regard and devoted to his religion.

Alan had a solid, positive home life when he was growing up. Alan's father was a respected physician, and his parents lived into their 90's. Alan provided care for the both of them in their final years of life, and when they passed away it was traumatic, as with the death of anyone's parents, but especially so given Alan's care for his parents in their dying years.

Sadly, Alan was subjected to sexual abuse at an early age. The trauma that Alan suffered is something that he still carries to this day.

Alan's medical condition is complicated. Alan recently suffered from mini strokes and has significant ophthalmological issues. Alan has severe and advanced osteoporosis and uses an insulin pump.

Alan has identified himself as having high functioning Asperger's syndrome, a form of autism spectrum disorder. He also was diagnosed with dyslexia and carries a PTSD diagnosis.

## **Guidelines Departure**

Pursuant to United States Sentencing Guideline 5H1.3, Alan's mental and emotional condition is relevant to "determining whether departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines."

In this regard, Alan seeks a downward departure. Alan suffered significant severe sexual abuse at a young age, and the trauma from that is such that he has PTSD to this day. Alan also has Asperger's syndrome and dyslexia. The combination of these mental health conditions has created major challenges in Alan's life. Though Alan has overcome these challenges in many ways, his mental health affects his everyday activities, and his interaction with the FBI agents who were coming into his home is informed by this mental health history. This Court should consider a downward departure based on these particular factors.

## **Variant Sentence**

A non-guideline sentence pursuant to 18 U.S.C. §3553(a) is appropriate here. Alan's conduct here was unique in light of his belief that he was allowed to prevent federal agents from entering his home. Alan did not know that there was a search warrant, and had he known there was a search warrant, he would have allowed the agents to come into his home. Alan was led to believe that there was no "legal paperwork" that was going to be served on him, which made clear to him (as it would any person) that there really was no search warrant at all. Instead, the agents inaccurately represented

what they planned to do, and Alan thought that given this he was well within his rights to shut the door. But as the Court has ruled, Alan's state of mind in this regard was not relevant to a specific defense of premises.

Additionally, Alan's mental health as noted above is also relevant to the Court's analysis as to whether a variant sentence should be imposed.

### Sentencing Recommendation

Alan should be placed on probation.  As noted at the start, the felony conviction alone is a significant mark on Alan that he will have to bear the rest of his years.  Alan has unique mental health and physical problems at his advanced age, and the facts and circumstances of the events that occurred last summer are such that a sentence of probation alone is "sufficient but not greater than necessary" of a sentence in this unique case.

### Conclusion

WHEREFOR, for the foregoing reasons, Defendant Alan Parrot respectfully requests this Court sentence Alan to a period of probation.

Date:  May 23, 2024

/s/Walter F. McKee
WALTER F. MCKEE
McKee Morgan, P.A.
133 State Street
Augusta, ME.   04330
(207) 620-8294
wmckee@mckeemorgan.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cr-00072-LEW |
| | ) | |
| ALAN HOWELL PARROT | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2024, I electronically filed Defendant's Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: United States Attorney's Office, Bangor, Maine.

Date: May 23, 2024

/s/Walter F. McKee
WALTER F. MCKEE
McKee Morgan, P.A.
133 State Street
Augusta, ME.  04330
(207) 620-8294
*wmckee@mckeemorgan.com*

6